UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 19-cv-80265-MIDDLEBROOKS/MATTHEWMAN

NATHANIEL LOSEE,

    Plaintiff,

v.

TAMIRU GEBREYES, et al.,

    Defendants.
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON IMPOSITION OF SANCTIONS AGAINST DEFENDANTS
GEBREYES AND WUDNEH FOR VIOLATION OF COURT ORDERS**

**THIS CAUSE** is before the Court upon a review of the docket and the Court's August 18, 2023 Second Order to Show Cause to Defendants Gebreyes and Wudneh [DE 49]. The matter was referred to the undersigned United States Magistrate Judge by the Honorable United States District Judge Donald M. Middlebrooks, pursuant to an Order Referring Case and Setting Trial Date [DE 43]. The Court continues to deal with Defendants Tamiru Gebreyes' and Muluken Wudneh's ("Defendants") repeated noncompliance with Court Orders including Defendants' failure to attend a July 25, 2023 Scheduling Conference.

**I. BACKGROUND**

On April 13, 2018, Plaintiff Nathaniel Losee ("Plaintiff") filed a Complaint and Demand for Jury Trial against Defendants in the Fifteenth Judicial Circuit in and for Palm Beach County, alleging negligence stemming from a motor vehicle accident. [DE 1-2 at 7–8]. The case was later removed to federal court on February 25, 2019. [DE 1].

Subsequently, on March 27, 2019, Defendants' counsel filed an "Unopposed Motion to Withdraw as Counsel for Defendants and Motion to Stay Proceedings" [DE 7]. Within the motion, Defendants' counsel stated that Defendants' insurance carrier "was placed into permanent receivership pursuant to a Nevada state court order, resulting in 'a full suspension of [the carrier's] insurance policy disbursements, including the payment of insurance defense costs.'" [DE 8 at 2] (quoting DE 7 at 2). Accordingly, Defendants' counsel argued that continued representation of Defendants "would result in an unreasonable financial burden upon counsel" and requested that the Court "enter an Order authorizing them to withdraw as counsel of record for Defendants." [DE 7 at 2]. Within that same motion, Defendants' counsel also requested that the case be stayed "to allow the appointed Receiver to oversee the operation, rehabilitation and/or liquidation" of Defendants' insurance carrier. *Id.*

The next day, on March 28, 2019, the Court entered an Order Granting Motion to Stay and Denying Motion to Withdraw [DE 8]. Specifically, with respect to the Motion to Withdraw, the Court noted that "counsel's withdrawal would cause substantial prejudice to Defendants, who are not at fault for their insurance carrier's insolvency" and found that "the prejudice to [D]efendants outweighs any financial burden caused by the uncertainty of the insurance carrier's ability to pay future costs of defense." [DE 8 at 1–2]. Thus, the Court did not find good cause to grant counsel's request to withdraw from representation and denied the Motion to Withdraw. *Id.* at 2.

However, as to the Motion to Stay, the Court granted Defendants' counsel's request to stay the case "pending resolution of the receivership proceedings involving Defendants' insurance carrier." *Id.* at 2. In this regard, the Court directed the parties to file a Joint Status Report every

2

sixty (60) days while the receivership proceedings remained pending, and to immediately notify the Court upon conclusion of the proceedings. *Id.*

Thereafter, four years later—and after twenty-five status reports—on May 3, 2023, the Court issued an Order to Show Cause [DE 35]. Specifically, in the Order to Show Cause, the Court directed the parties to show cause, in writing, as to why the case should not be reopened. [DE 35 at 2]. In response, Defendants' counsel filed a "Notice of Compliance with May 3, 2023 Court Order, Request for Case to Remain Stayed and Renewed Motion to Withdraw as Counsel for Defendants" [DE 36], wherein Defendants' counsel again requested to withdraw as counsel "and [for the Court] to continue the stay in this matter until such time as the Receiver issues its written Notice of Claim Determination to Plaintiff." [DE 36 at 5].

Likewise, Plaintiff filed a "Response to This Court's Order to Show Cause Dated May 3, 2023, Request for Case to Remain Stayed and/or a 30 Day Extension to Provide Court with More Accurate Timetable" [DE 37]. As suggested by the title, Plaintiff "request[ed] this Court to keep this case stayed until such time as the Receiver issues its written Notice of Claim Determination to Plaintiff and/or in the alternative, [p]rovide Plaintiff an additional thirty (30) days to investigate further . . . the Receivership and/or contact claims to determine a more accurate timetable." [DE 37 at 2–3].

With the parties' responses to its Order to Show Cause in hand, the Court issued an Omnibus Order [DE 38] on May 17, 2023, stating as follows:

> This is a simple personal injury case arising out of a car crash. *(See* DE 1-2). The complaint is two pages long. *(Id.).* After four years, the receivership proceedings have no end in sight. Plaintiff's counsel represents that "[u]pon knowledge, experience and belief, the Receivership may take several more years to make a complete determination." (DE 37 ¶ 6). Given this background, I find good cause to reopen this case.

3

[DE 38 at 1–2]. Accordingly, the Court granted the Renewed Motion to Withdraw and reopened the case. *Id.* at 2–3. To this end, the Court allowed Defendants until June 30, 2023 "to secure new counsel, or to advise the court of their intent to proceed *pro se* in this matter." *Id.* at 2.

Subsequently, on June 29, 2023, the Court issued an Order Referring Case and Setting Trial Date [DE 43], referring the case to the Undersigned to conduct a Scheduling Conference. [DE 43 at 3]. The next day, on June 30, 2023, the Court issued an Order Setting Scheduling Conference via Zoom Video Teleconference (VTC) [DE 44], requiring the parties to attend a Scheduling Conference via Zoom VTC on July 25, 2023 at 2:30 p.m. [DE 44 at 1]. Despite this requirement, Defendants failed to attend the July 25, 2023 Scheduling Conference, and in fact, failed to secure new counsel, or to advise the Court of their intent to proceed *pro se* in this matter, as required by the Court's May 17, 2023 Omnibus Order.

Consequently, after Defendants' nonappearance at the July 25, 2023 Scheduling Conference, the Court issued an Order to Show Cause [DE 46], requiring both Defendants to file a written response to this Court's Order to Show Cause [DE 46] on or before August 8, 2023. However, although the Court advised Defendants that failure to comply may result in further sanctions, including but not limited to entry of a default judgment, both Defendants failed and refused to respond to the Court's Order to Show Cause [DE 46]. Thus, the Court issued a Second Order to Show Cause [DE 49], requiring Defendants to file a written response on or before August 30, 2023 "as to why they have failed to comply with several Court Orders [DEs 38, 44, 46], why they failed to appear at a duly scheduled court hearing on July 25, 2023, and why they failed to respond to the Court's first Order to Show Cause [DE 46]." [DE 49 at 2]. This time, the Court advised Defendants that "failure to comply with this Second Order to Show Cause ***shall*** subject

4

Defendants to sanctions, including but not limited to the entry of a default judgment against both Defendants." *Id.* Nonetheless, Defendants again failed to respond, leading to the instant Report and Recommendation.

## II. ANALYSIS & RULING

"Federal Rule of Civil Procedure . . . 16(f), permits courts to enter sanctions for violations of scheduling or other pretrial orders." *Samandarova v. Hookah Exotix LLC*, No. 22-22787-Civ, 2023 WL 346659, at *2 (S.D. Fla. Jan. 20, 2023). "Under Rule 16(f), 'district courts have discretion to decide if there is a pattern of delay or a deliberate refusal to comply with court orders or directions that justifies a sanction.'" *Id.* (quoting *United States v. Samaniego*, 345 F.3d 1280, 1284 (11th Cir. 2003)). Likewise, the Court can impose sanctions pursuant to the Court's inherent power. The Court's inherent power is derived from the Court's need "to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (internal citations and quotation marks omitted). Courts have long been recognized as having certain implied powers that are "necessary to the exercise of all others." *Id.* at 43 (citing *United States v. Hudson*, 7 Cranch 32, 34, 3 L.Ed. 259 (1812); *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764, 100 S.Ct. 2455, 65 L.Ed.2d 488 (1980)). These powers are "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Chambers*, 501 U.S. at 43 (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962)). A court's "inherent power extends to a full range of litigation abuses" and "must continue to exist to fill in the interstices." *Id.* at 46.

5

A federal court possesses the inherent power to impose sanctions when there has been willful misconduct. *Id.* at 43. To exercise its inherent power to impose sanctions, a court must find that the party acted in bad faith. *McDonald v. Cooper Tire & Rubber Co.*, 186 Fed. Appx. 930, 931 (11th Cir. 2006); *Martin v. Automobili Lamborghini Exclusive, Inc.*, 307 F.3d 1332, 1335 (11th Cir. 2002); *see also Thomas v. Tenneco Packaging Co.*, 293 F.3d 1306, 1320 (11th Cir. 2002) (noting that "before a court can impose sanctions against a lawyer under its inherent power, it must find that the lawyer's conduct constituted or was tantamount to bad faith.") (citation and quotations marks omitted).

Among the most severe sanctions that a court can impose pursuant to its inherent powers is entry of a default judgment against the disobeying party. *Unum Life Ins. Co. of Am. v. Biscotti*, No. 18-CV-63048, 2021 WL 311037, at *3 (S.D. Fla. Jan. 11, 2021), *report and recommendation adopted*, No. 18-63048-CIV, 2021 WL 309129 (S.D. Fla. Jan. 29, 2021); *Mediware Info. Sys., Inc. v. Hematerra Techs., LLC*, No. 3:13-CV-103-J-JRK, 2016 WL 4925166, at *3 (M.D. Fla. Sept. 1, 2016) (citing *Sprint Sols., Inc. v. Fils-Amie*, 83 F. Supp. 3d 1290, 1295 (S.D. Fla. 2015)); *see also Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1542 (11th Cir. 1993); *accord Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962) (permitting *sua sponte* exercise of court's inherent power to dismiss case). "Courts considering whether to impose sanctions under their inherent power should look for disobedience and be guided by the purpose of vindicating judicial authority." *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1224-25 (11th Cir. 2017). Thus, "[w]hen ordering a sanction of default judgment, the Court should find by clear and convincing evidence that (1) a defendant acted in bad faith, (2) the plaintiff was prejudiced by this conduct, and (3)

lesser sanctions would not adequately serve the goals of punishment and deterrence." *Sprint Sols., Inc.*, 83 F. Supp. 3d at 1295 (citation omitted).

Entry of default judgment is only permitted when there is "a sufficient basis in the pleadings for the judgment entered." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015) (per curiam). In determining whether the pleadings stated a valid claim, courts are required to apply the same analysis used to evaluate Federal Rule of Civil Procedure 12(b)(6) motions to dismiss. *Id.* A district court is within its discretion to impose default judgment as a sanction so long as the court "(1) followed the proper procedure before entering the default judgment; (2) determined [the defendant's] actions were willful and in bad faith; (3) found that a sanction of default was necessary; and (4) determined that [the plaintiff's] complaint sufficiently stated a claim for relief." *Thornton v. Hosp. Mgmt. Assocs., Inc.*, 787 F. App'x 634, 639 (11th Cir. 2019).

Here, as Judge Middlebrooks noted in his May 17, 2023 Omnibus Order [DE 38], this is a "simple personal injury case arising out of a car crash" with a complaint that "is two pages long." [DE 38 at 1–2] (citing DE 1-2). However, despite this case being filed nearly five-and-a-half years ago in the Fifteenth Judicial Circuit in and for Palm Beach County (and removed to federal court in February 2019), the case appears to have no end in sight, contrary to Federal Rule of Civil Procedure 1, which requires "the just, speedy, and inexpensive determination of every action and proceeding." Further, following the withdrawal of Defendants' counsel, Defendants have now failed to respond to *four* separate court orders and failed to attend a court-mandated hearing. Specifically, Defendants failed to: (1) "secure new counsel, or to advise the court of their intent to proceed *pro se* in this matter" on or before June 30, 2023, as required in Judge Middlebrooks'

Omnibus Order [DE 38 at 2]; (2) attend the July 25, 2023 Scheduling Conference, as required by this Court's Order Setting Scheduling Conference Via Zoom Video Teleconference (VTC) [DE 44]; (3) respond to this Court's Order to Show Cause [DE 46]; and (4) respond to this Court's Second Order to Show Cause [DE 49]. In this regard, Defendants have, for whatever reason, chosen to abandon this case and ignore court orders, and this case has lingered on the docket far too long. Defendants' refusal to comply with court orders is improperly delaying this matter even further.

Accordingly, because upon requesting to withdraw from the case, Defendants' former counsel represented that counsel "provided the requisite notice to Defendants, so as to not prejudice Defendants and to allow Defendants sufficient time to find substitute counsel if they so choose," and because multiple Court orders were sent to Defendants at their last known address (with Plaintiff also being required to send a copy of the Order Setting Scheduling Conference [DE 44] to Defendants' email addresses), the Court finds that Defendants' multiple and repeated violations of court orders are willful and in bad faith, and that a sanction of striking Defendants' pleadings and entry of default is necessary and appropriate in this case under both Rule 16(f) of the Rules of Civil Procedure, and pursuant to the Court's inherent authority.

Indeed, while the Court explicitly finds by clear and convincing evidence that Defendants acted in bad faith and that Plaintiff was prejudiced by this conduct, the Court does find that entry of default is a lesser sanction that would sufficiently serve the goals of punishment and deterrence as compared to entry of default judgment. *See Sprint Sols., Inc.*, 83 F. Supp. 3d at 1295. This is because Plaintiff himself sought to continue the stay imposed in this case. [DE 37]. Moreover, Defendants may at some point argue that they no longer reside at the address provided. Although:

(1) it was Defendants' obligation to inform all necessary parties or entities as to their proper and current address; (2) notice was provided in several different manners to Defendants as noted above; and (3) Defendants entirely stopped responding in this case despite being aware of its existence (which could be seen as tantamount to willful, bad faith conduct warranting default judgment), the Court finds that permitting Defendants one final opportunity to participate in this case prior to entry of judgment is appropriate under the very unique facts of this case. Simply stated, this is a case that could have concluded long ago had Defendants' insurance carrier not been placed in a permanent receivership. In this regard, the Court hesitates to recommend the ultimate sanction of default judgment.

### III.     CONCLUSION

In light of the foregoing, the Undersigned **RECOMMENDS**: (1) that the District Judge enter an Order **STRIKING** Defendants' pleadings—that is, Defendants' Answer and Affirmative Defenses [DE 1-2 at 34–38]; and (2) that a **DEFAULT** be entered against Defendants for their willful, bad faith violations of this Court's Orders. The Undersigned also **RECOMMENDS** that the District Judge take any and all further action he deems appropriate following the entry of default against Defendants.

### NOTICE OF RIGHT TO OBJECT

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with United States District Judge Donald M. Middlebrooks. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal

9

conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 2nd day of October, 2023.

_____
WILLIAM MATTHEWMAN
United States Magistrate Judge